**NATIONAL LABOR RELATIONS BOARD
v. ST. MARYS SEWER PIPE CO.**

No. 8678.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 10, 1944.

Decided Jan. 19, 1945.

Guy Farmer, of Washington, D. C. (Alvin J. Rockwell, Gen. Counsel, Malcolm F. Halliday, Associate Gen. Counsel, and Joseph B. Robinson and Kate Wallach, Attys., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

James H. Herbert, of New York City (Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, and Robert A. Lilly, all of New York City, on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and KIRKPATRICK, District Judge.

KIRKPATRICK, District Judge.

On September 15, 1941 the respondent's employees, members of a union which had been certified as their collective bargaining agent, having failed to reach an agreement with the respondent concerning wages, hours and terms of employment, went out on strike. On October 14, 1941 a collective bargaining contract which settled all the issues involved was signed by the union representatives and the respondent. At the same time it was agreed that, upon ratification of the contract, all employees then on strike would be reinstated unconditionally and without change of status.

Pending, at the time, before the Board were charges against the respondent of discrimination against 5 employees whom the respondent had discharged some time before the strike began. The discharge of these 5 employees was not a cause of the strike and had nothing to do with it. Neither the pending charges nor the reinstatement of these 5 employees were dealt with in the contract and no commitment as to those matters was made by either party.

When, on October 17, a committee of the employees informed the respondent's vice president of the ratification of the contract and the readiness of the employees to return to work, the committee was told that the plant would not reopen until the union withdrew the pending charges. It also appears, from the Board's findings, that another condition was imposed, but that issue need not be considered here. Several days later the employees reported for work but were again advised that the plant would not be reopened until the conditions imposed had been complied with, whereupon they left the premises. Thereafter a few men returned and were put to work getting the plant ready, but operations were not resumed until several weeks later, at which

996

time all the men on strike were unconditionally reinstated.

■ There is substantial evidence in the record to sustain the Board's finding that the respondent did make reinstatement of the striking employees conditional upon withdrawal of the charges. The respondent contended that the spokesman for the employees, either deliberately or through a misunderstanding, misinterpreted its position, which, it insists, was that dropping the charges was a condition to the reinstatement of the discharged men, but did not apply to the men on strike. To adopt this view the Board would have been compelled wholly to disregard the direct and positive testimony of at least 4 witnesses as to statements made by the respondent's attorney and its vice president, and to accept the attorney's explanation as to what he meant by a letter written by him in which the charges pending before the Board were referred to and which contained the statement "that this entire matter must be completely settled before operations are commenced."

■ The duty to reinstate is not fulfilled by a conditional offer of reinstatement. The imposition of the condition which required the union to abandon rights to which it was entitled under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., was an unfair labor practice.

■ The Board found that the imposition of the conditions by the respondent upon reinstatement of the striking employees had the effect of prolonging the strike. The respondent contended that, in view of the character of its manufacturing operations and the fact that its plant had been shut down for a month, the men could not have all been taken back and put to work on the day upon which they reported and that it would have been physically impossible to put the plant into full operation any earlier than it was. The respondent argues from this that, regardless of what was said to the men, the strike was not actually prolonged. Although it is undisputed that the plant could not have been put into full operation immediately upon the return of the men, the record does not show with any degree of certainty how much time, if any, could have been saved had they been then and there unconditionally reinstated. Having, for all practical purposes and in the eye of the law, refused to resume operations, the respondent is not in a position to insist that either the Board or this Court attempt to guess at just how much time was lost or just how long the strike was actually prolonged by this illegal conduct. The Board was fully justified in dating the prolongation of the strike from the time when the respondent announced its intention not to resume operation until its conditions had been met.

A decree enforcing the Board's order will be entered upon submission.